

# Fourth Court of Appeals
## San Antonio, Texas

May 22, 2015

No. 04-14-00878-CR

Matthew Douglas **HAYES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR10841W
Honorable Lori I. Valenzuela, Judge Presiding

# O R D E R

Appellant, Matthew Hayes, entered into a plea agreement in two separate cause numbers whereby he pled guilty to two charges of aggravated robbery with a deadly weapon under each cause number (for a total of four counts). Hayes subsequently perfected two separate appeals under each of the two cause numbers: 04-14-878-CR (878 appeal) and 04-14-879-CR (879 appeal).

On April 1, 2015, the State filed a notice and motion for correction in both appeals, in which it asserted Hayes waived his right to appeal in the 878 appeal as part of his plea bargain. The State asserted that although the trial court admonished Hayes regarding waiver of his right to appeal, the form signed by the trial court is ambiguous, in that the trial court's marking appeared in the space between that granting permission to appeal and that stating there is no right to appeal. The State requested this court obtain a corrected certification from the trial court indicating appellant has no right to appeal in the 878 appeal.

Appellant responded to the State's motion on April 20, 2015. In his response, appellant asserted the trial court granted permission to appeal in the 879 appeal, and thereby intended to and did grant permission to appeal in the 878 appeal as well.

Review of the Clerk's Record in the 878 appeal revealed the trial court's form titled "Certification of Defendant's Right to Appeal" was ambiguous as to Cause Number 2013-CR-10841W. As the State asserted, the form signed by the trial court is ambiguous and was not a clear indication of which box the trial court intended to mark.

For this reason, on April 28, 2015, this Court granted the State's Motion for Correction and Motion to Abate filed in both appeals, the 878 appeal and the 879 appeal. This Court ordered the trial court to file a supplemental clerk's record in the 878 appeal to include a corrected "Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W and which clearly indicated whether the trial court granted Hayes permission to appeal or whether there is no right to appeal.

On May 20, 2015, the trial court filed a supplemental clerk's record in both the 878 and the 879 appeal to include an "Amended Trial Court's Certification of Defendant's Right of Appeal" as to Cause Number 2013-CR-10841W (878 appeal) and 2013-CR-10842W (879 appeal). The amended certifications filed in both appeals are identical, and on each, the trial court clearly indicates both appeals originated from a plea bargain case, and Hayes has no right to appeal. The trial court also included a handwritten notation stating, "Orig cert. checked by Defendant's atty in error. Ct never gave Defendant permission to appeal."

In light of the record presented and based upon the amended certification filed in both the 878 appeal and the 879 appeal, it appears Hayes has no right of appeal in either cause. Therefore Texas Rule of Appellate Procedure 25.2(d) requires this court to dismiss these appeals. TEX. R. APP. P. 25.2(d).

Appellant Hayes is ORDERED to respond within ten days from the date of this order to show cause why his appeals should not be dismissed for want of jurisdiction pursuant to Appellate Rule 25.2(d). If Appellant Hayes does not respond timely, this appeal will be dismissed.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 22nd day of May, 2015.

_____
Keith E. Hottle
Clerk of Court